**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CARROLL JOHNSON,                                                                    PLAINTIFF
ADC # 138237

V.                                      4:08-cv-04206-JLH-JJV

PAT O'BRIEN, Clerk, Pulaski County
Circuit Court; and DAWN BAKER,
Employee, Pulaski County Circuit Court
DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

      3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing     Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

On December 9, 2008, Plaintiff, Carroll Johnson, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his due process rights when the Clerk of the Court for Pulaski County Circuit Court failed to timely respond to his requests for fee amounts so he could obtain a copy of the record of his Rule 37 hearing.

## I.    BACKGROUND

Mr. Johnson was convicted in 2008 of sexual indecency with a child, indecent exposure, and carrying a weapon. *Johnson v. State*, 2009 WL 1025970 *1 (Ark. 2009). He was sentenced in two separate judgments to a total of 84 months in the Arkansas Department of Correction (ADC). *Id*. The Arkansas Court of Appeals affirmed the judgments and issued a mandate on March 18, 2008. *Id*. On June 12, 2008, Mr. Johnson filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1, which was denied on July 8, 2008, as untimely. *Id*. On July 23, 2008, Mr. Johnson filed a timely notice of appeal of the denial of his Rule 37 petition in the trial court, but did not tender the record to the Arkansas Supreme Court until November 13, 2008. *Id*. Accordingly, the Clerk of the Court declined to "lodge the record" because it was filed "outside of the ninety-day limit set in Arkansas Rule of Appellate Procedure-Civil 5(a), as applied through

2

Arkansas Rule of Appellate Procedure-Criminal 4(a)." *Id.*

## II.   DISCUSSION

Mr. Johnson argues in the instant complaint that on August 1, 2008, he "mailed a notice of appeal for a post-conviction order denying [his] Rule 37 petition, along with a letter requesting that any fees that might be required for copies of the record be forwarded to the Plaintiff so that he could have the Warden at E.A.R.U. write a check for the amount and send it to the clerk." (Doc. No. 1.) The Pulaski County Clerk's Office responded to Mr. Johnson's request on October 10, 2008; his deadline for lodging his appeal was eleven days later, on October 21, 2008 (*Id.* at Ex. A). Therefore, Mr. Johnson believes the Defendants' delayed response caused him to tender his appeal "23 days late." *Id.*

After careful review of Plaintiff's arguments and supporting documents, the Court finds that Mr. Johnson's complaint is without merit. The original action from which Plaintiff attempted to appeal, his Rule 37 petition, was untimely filed. The Arkansas Supreme Court further addressed the untimeliness, stating that:

> An appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State,* 353 Ark. 119, 110 S.W.3d 759 (2003) (per curiam). Here, it is clear that petitioner's Rule 37.1 petition was, as the trial court found, not timely filed and the trial court could not address the merits of the petition.

> Where the judgment was appealed, Arkansas Rule of Criminal Procedure 37.2(c) requires that the petition for postconviction relief must be filed within sixty days of the date the mandate issued. Here, [Mr. Johnson] filed his petition in the trial court eighty-six days after the mandate issued. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Womack v. State,* 368 Ark. 341, 245 S.W.3d 154 (2006) (per curiam). The trial court could not consider an untimely petition, and [Mr. Johnson] could not prevail were we to grant permission for an appeal to go forward. We therefore deny the motion for rule on clerk.

*Johnson v. State*, 2009 WL 1025970 *1 (Ark. 2009).

From a public service standpoint, the slow response of the Pulaski County Clerk's Office to Mr. Johnson's inquiry is highly unsatisfactory.  However, given the Arkansas Supreme Court's holding, this late response was nevertheless harmless.  In other words, even if Mr. Johnson had timely lodged the record, his appeal of the denial of his Rule 37 petition would have been denied because the original cause of action was untimely.

The untimeliness of his original Rule 37 petition was fatal to any appeal.  Therefore, the Court finds that Mr. Johnson's complaint in this case is without merit.

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Mr. Johnson's complaint be DISMISSED with prejudice;

2.      All pending motions be rendered moot; and

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 12th day of October, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE